UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE:  Peter Murphy Ribaudo | ) | Case No.  10-43081-hjb |
| | ) | Chapter 13 Proceeding |
| Debtor | ) | December 21, 2010 |

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM #4

Now comes Deutsche Bank National Trust Company as Indenture Trustee of the IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H4 (the "Creditor") and responds to the Debtor's Objection to Claim #4 as follows:

1.  MLBR Appendix 1, Rule 13-13 contains no requirement to attach a Pooling and Servicing Agreement to proofs of claim.  Furthermore, such documents are several hundred pages in length, making it impractical to include such documents in routine filings.  If the Debtor wishes to view the document, it is publicly available at the following Securities and Exchange Commission website:  http://edgar.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=1382889&owner=include&count=40.

2.  The Creditor attached a copy of the promissory note to its proof of claim, endorsed in blank. In Massachusetts, the holder of the promissory note has standing to enforce the promissory note.  See Massachusetts General Laws Chapter 106 Section 3-301 which is set forth below.

> **Chapter 106: Section 3-301. Person Entitled to Enforce Instrument
> Section 3-301. "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3-309 or subsection (d) of section 3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.**

In this case the Claimant is the holder of the note and is entitled to seek payment because it is in possession of the original promissory note endorsed in blank to the Creditor. See Massachusetts General Laws Chapter 106 Sections 1-201 and 3-109 which are set forth below.

> **Chapter 106: Section 1-201. General Definitions**
> **Section 1-201. Subject to additional definitions contained in the subsequent Articles of this chapter which are applicable to specific Articles or Parts thereof, and unless the context otherwise requires, in this chapter …**
> **(20) "Holder" with respect to a negotiable instrument, means the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession.**
>
> **Chapter 106: Section 3-109. Payable to Bearer or to Order**
> **Section 3-109. (a) A promise or order is payable to bearer if it: ….(2) does not state a payee**

Furthermore, the United States Supreme Court has held that "transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter." See Carpenter v. Longan, 83 U.S. 271, 275 (1872). The Debtor's objection to claim is factually erroneous in that the promissory note attached to the proof of claim contains an endorsement which is effective to transfer the rights to seek payment to the Claimant.

3. The Creditor filed its proof of claim as a secured creditor, by virtue of the recorded mortgage securing the note. There has been no determination of the secured status of the Creditor as yet and the Creditor properly filed its proof of claim as secured. Additionally, the Debtor's plan proposes a rescission of the first mortgage and treatment of the said mortgage claim as unsecured. If successful, this would place the instant Creditor's security interest in first position, fully secured and non-modifiable.

4. The omission of a property value from the proof of claim bears no impact on the validity of the underlying security. The Creditor has not obtained an interior appraisal of the subject real property. If the Court determines that a valuation needs to be inserted into the Proof of Claim, the Creditor can supply an estimated value based on an exterior valuation of the subject real property.

5. The Debtor fails to provide a reference to the purported requirement that a power of attorney must be filed with a proof of claim as required by Bankruptcy Rule 9013. The proof of claim was executed by the undersigned, as a state licensed attorney for the Creditor, not as an unlicensed attorney-in-fact under a power of attorney. The undersigned is not aware of any federal or local statute or rule that requires a power of attorney to accompany a proof of claim as filed under these circumstances.

WHEREFORE, the Creditor prays that the Debtor's Objection be overruled and that the Creditor's claim be allowed.

By */s/ Jeffrey J. Hardiman*
Jeffrey J. Hardiman
Movant's Attorney
Federal Bar No. 649855
Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT  06032
Phone: (860) 677-2868
Fax: (860) 677-4549
Email: BKECF@bmpc-law.com

## **CERTIFICATION OF SERVICE**

  I hereby certify that, on the 21st day of December, 2010, a copy of the foregoing was served to the following:

Peter Murphy Ribaudo
Debtor
76 Chickering Road
Spencer, MA 01562
*Via First Class Mail*

Denise M. Pappalardo, Trustee
*Via Electronic Notice of Filing*

Tax Collector
157 Main Street, #4
Spencer, MA 01562-2198
*Via First Class Mail*

L. Jed Berliner
Debtor's Attorney
*Via Electronic Notice of Filing*

OneWest Bank, FSB
888 East Walnut Street
Pasadena, CA 91101
*Via First Class Mail*

U.S. Trustee
*Via Electronic Notice of Filing*

      By */s/ Jeffrey J. Hardiman*
       Jeffrey J. Hardiman
       Movant's Attorney
       Federal Bar No. 649855
       Bendett & McHugh, P.C.
       160 Farmington Avenue
       Farmington, CT  06032
       Phone: (860) 677-2868
       Fax: (860) 677-4549
       Email: BKECF@bmpc-law.com