**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS - WESTERN DIVISION**

```
====================================
IN THE MATTER OF:                      . Case #10-43081-HJB
                                       .
  PETER MURPHY RIBAUDO,                . Springfield, Massachusetts
                                       . May 12, 2011
               Debtor.                 . 11:45 a.m.
====================================
```

**TRANSCRIPT OF HEARING ON:**
**(#105) MOTION OF CHAPTER 13 TRUSTEE FOR ORDER DISMISSING CASE**
**(#102) MOTION OF DEBTOR FOR RELIEF FROM ORDER OF**
**SEPTEMBER 29, 2010**
**(#100) ORDER FOR THE DEBTOR TO SHOW CAUSE WHY THIS CASE SHOULD**
**NOT BE DISMISSED OR CONVERTED ON ACCOUNT OF HIS FAILURE TO**
**COMPLY WITH THIS COURT'S ORDER OF SEPTEMBER 29,2010**
**BEFORE THE HONORABLE HENRY J. BOROFF**

**APPEARANCES:**

| | |
|---|---|
| For the Debtor: | Berliner Law Firm |
| | L. JED BERLINER, ESQ. |
| | 95 State Street |
| | Springfield, MA 01103 |
| | |
| For the Trustee: | JOANNE PSILOS, ESQ. |
| Chapter 13 Trustee | P.O. Box 16607 |
| | Worcester, MA 01601 |

Electronic Sound Recording Operator:   Laura L. Chambers

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Certified Transcription Service
eSCRIBERS, LLC
P.O. Box 7533
New York, NY  10116
1-973-406 2250
e-mail - operations@escribers.net

1  (At 11:45 a.m.)

2          THE CLERK: Case number 10-43081, Peter Murphy

3  Ribaudo; a hearing on the motion of the Chapter 13 trustee for

4  an order dismissing the case; the motion of the Debtor for

5  relief from the order of September 29th, 2010 --

6          THE COURT: Is Mr. Berliner outside?

7          MS. PSILOS: I thought he was behind me, actually.

8          MR. BERLINER: My apologies, Your Honor.

9          THE COURT: That's all right.

10         MR. BERLINER: What was the matter called?

11         THE COURT: I'm sorry, it's Ribaudo, there's the

12 Chapter 13 Trustee's motion to dismiss and the debtor's

13 objections to claims as summarized in the report and hearing

14 agenda.

15         MR. BERLINER: The motion to dismiss is the first of

16 three, but I think the claims is not up for today. That was

17 rescheduled for June last night.

18         THE COURT: Oh, was it? Okay.

19         MR. BERLINER: There are two other issues; there's my

20 motion for relief from the September order and the Court's

21 order of me to show cause why the case shouldn't be dismissed

22 for not complying with the September order.

23         As to the motion to dismiss by the trustee, I believe

24 we've agreed to a thirty-day continuance?

25         MS. PSILOS: You Honor, if we may continue thirty

1 days; the debtor still is in arrears a thousand dollars under
2 the plan, so we just want to continue it to see if the debtor
3 can current.
4         THE COURT: Okay, so what date --
5         THE CLERK: June 23?
6         THE COURT: So June 23 at 11 a.m.?
7         MS. PSILOS: Thank you.
8         MR. BERLINER: Thank you, Your Honor.
9         THE COURT: Okay. And with respect to the motion for
10 relief, I've read it. Does the Chapter 13 trustee have a view
11 with respect to this?
12         MS. PSILOS: We do, Your Honor; and --
13         THE COURT: I'm sorry, Mr. Berliner, I didn't mean to
14 steal your thunder, but I -- go ahead.
15         MS. PSILOS: Well, Your Honor, what the motion
16 proposes is -- well, let me back up. What the plan provides
17 for now is that the debtor is going to file an adversary to
18 rescind the first mortgage. The concern that we have -- and
19 understandably there have been certain circumstances in this
20 case -- but it's a year into the case, the adversary still
21 hasn't been filed and there are other issues aside from this
22 rescission of the mortgage, Your Honor. When we had objected
23 to the plan, one of the issues was the debtor's ability to
24 provide a feasible plan in that his Schedules I and J show no
25 excess income; the fund is being -- the plan is being funded

```
 1   from the debtor's mother.  Your Honor, I believe that this
 2   debtor, at this point in time, does need to file an amended
 3   plan and --
 4           THE COURT:  But in that amended plan, how does the
 5   debtor -- well, let's assume that the -- I'm sorry, let's see
 6   if we can eliminate the side issues.
 7           MS. PSILOS:  Certainly.
 8           THE COURT:  So Mr. Berliner requests that the fact
 9   that the order was entered now some time ago be overlooked,
10   and I'm willing to do that.
11           MS. PSILOS:  Yes.
12           THE COURT:  So now we're at the merits.
13           MS. PSILOS:  Um-hum.
14           THE COURT:  And now Mr. Berliner says, well, I really
15   can't file a plan until I know what's going to happen with
16   that first mortgage, and the Chapter 13 trustee says well,
17   that first mortgage aside, there were other issues.
18           MS. PSILOS:  Yes.
19           THE COURT:  And one of them was that the plan was not
20   feasible.
21           MS. PSILOS:  Yes.
22           THE COURT:  So that forces me to ask the following:
23   Let's assume that the debtor was able to successfully rescind
24   the first mortgage, is the plan still not --
25           MS. PSILOS:  There's still --
```

1              THE COURT:  -- feasible?

2              MS. PSILOS:  -- a problem with the plan, in that the

3    debtor is also seeking to strip off the second mortgage, so if

4    you rescind the first mortgage, the second mortgage is not

5    wholly unsecured.  So what happens to that second mortgage?

6    That was another issue that was raised in our objection.

7              And I know in the debtor's pleading, they're saying

8    well, it's even premature to get to that point.  I don't know

9    that it is.  And again, even if the mortgage is rescinded --

10   because right now, the plan does provide for the rescission of

11   the mortgage -- the debtor is struggling now -- as it is now,

12   to make these plan payments, and so it's these two issues,

13   Your Honor, it's what happens to the second mortgage once that

14   first is rescinded and, even assuming the debtor's successful

15   on all the merits, does he even have the ability to make these

16   planned payments?

17             MR. BERLINER:  If I may, Your Honor?

18             THE COURT:  Yes.

19             MR. BERLINER:  Leaving aside the rescission, which is

20   the elephant in the room, there's 100,000 dollars of non-

21   exempt commercial real estate; so the debtor has to make

22   significant plan payments.  The only way it's feasible is

23   through his mother.  What I propose is, a week to get an

24   affidavit from his mother to show that his mother can make it;

25   the recent motion to dismiss, was because of pride, the debtor

1  was too prideful to ask his mother for the money that he had

2  said he would ask the Court, and so he fell behind.  He

3  hopefully has learned the error of his ways; his mother has

4  been paying both the 1,000 dollar a month adequate protection

5  to my escrow and the 1,000 dollars a month that I disclosed

6  for the funding of the mortgage litigation in whole, not only

7  rescission, but attacking the MERS assignment bylaw

8  authorization, if the Court will remember that issue.

9          THE COURT:  Well, let's -- let me reel back to where

10 I started.  What is the debtor's view of the effect of my

11 rescinding the first mortgage?  Now, Ms. Psilos says that what

12 happens is that the second mortgage advances.

13         MR. BERLINER:  As does -- as will the second

14 mortgage.  My view, Your Honor, is this is not avoiding a lien

15 under the Bankruptcy Code; this is rescinding.  And I argue

16 that the wholly unsecured status of the second mortgagee is

17 determined as of the petition date, not a later rescission.

18         And so, I argue the first mortgage might be rescinded

19 and the second mortgage is still wholly unsecured because as

20 of the petition date.  I also am not aware of any cases in

21 either point of that argument.  It's new territory, as far as

22 I can tell.

23         The game plan --

24         THE COURT:  Well, if the debtor -- I'm sorry, let me

25 stay with this for a minute.

1  The debtor has as of the filing of the case, under
2  Section 544(a), the status of the judicial lienholder -- the
3  debtor is the estate representative in Chapter 13.  And so the
4  debtor has the status of a judicial lienholder for a bona fide
5  purchaser.  So, as a judicial lienholder, isn't the debtor
6  avoiding the mortgage, not because it's not perfected, but
7  because it's invalid?
8      MR. BERLINER:  I am not quick to agree -- and I love
9  that phrase -- that a lienholder can exercise a borrower's
10 right to rescind.  I don't pretend to know with any
11 certainty -- and this is all new territory -- but I assume
12 that the right to rescind is unique to the borrower.  I'm not
13 aware of any creditors stepping into the shoes of the borrower
14 and then rescinding.  I'm -- just never been explored.
15     THE COURT:  Let me take it another couple of ways.
16 If in fact, that first mortgage can be viewed as avoided --
17     MR. BERLINER:  As a --
18     THE COURT:  --as avoided -- if it can be view as
19 avoided, I'll take it both ways; if it can be viewed as
20 avoided, then it seems to me Section 551 takes over --
21     MR. BERLINER:  Yes.
22     THE COURT:  -- and the lien is preserved, the section
23 says, for the benefit of the estate.  So that would mean the
24 debtor needs to somehow satisfy creditors to the extent of
25 whatever the balance -- whatever the property was worth or

1  whatever the balance of the lien was, whichever's less.

2  If, on the other hand it's not avoided, but it is

3  simply rescinded, then there are two views of the case law;

4  one is a decision that Judge Zobel wrote --

5  MR. BERLINER:  Yes.

6  THE COURT:  -- recently, which says that the debtor

7  needs to tender immediately, which this debtor can't do, I

8  guess.

9  The other view is the one that I espoused in a case

10 whose name I no longer remember, where I said, no, I

11 respectfully disagree, I think that what happens is that the

12 lender is left with an unsecured claim.

13 Well, okay.  So now, if the debtor has -- if we're

14 not using avoidance -- and the debtor has this property which

15 may have the second lien still attached to it -- or may be

16 completely free and clear if your theory about measuring this

17 from the date of the petition is true -- has the property, and

18 now a whopping unsecured class, how does the debtor -- what

19 does the plan look like?  How does the debtor make these

20 payments?

21 MR. BERLINER:  The debtor is paying the value of the

22 nonexempt commercial building and the unsecured claimants

23 share their distribution.

24 THE COURT:  This issue relates to that building or

25 relates to the debtor's home?

1         MR. BERLINER: To the home. The debtor owns two
2 properties.
3         THE COURT: Right. Well, the debtor would own the
4 home now --
5         MR. BERLINER: Free.
6         THE COURT: -- free and clear --
7         MR. BERLINER: Homesteading.
8         THE COURT: -- oh, and is homesteading.
9         MR. BERLINER: Yes.
10        THE COURT: Massachusetts homesteading?
11        MR. BERLINER: Yes.
12        THE COURT: What is the value of the property?
13        MR. BERLINER: I'm sorry?
14        THE COURT: What is the value of the property?
15        MR. BERLINER: The home is valued -- this schedule
16 says 350,000 dollars, there's an appraisal of 450,000, there's
17 an appraisal of 350, but it's under 500 either way.
18        THE COURT: So now we move to the question of whether
19 having rescinded the mortgage, or having avoided the mortgage,
20 the debtor is in a position to exempt the value?
21        MR. BERLINER: These are tremendous, powerful and
22 unanswered questions. And I will add to the mix, rescission
23 adversary proceeding will be filed within a month, if
24 necessary. I'm negotiating with the same first mortgagee, on
25 that earlier MERS authorized assignment issues, scheduled for

1  trial in September, and if we have an agreement, I expect the
2  agreement to leave the first mortgagee in place and leave the
3  second mortgagee wholly unsecured, but we're still talking.
4      THE COURT: Okay. And you say that issue is
5  coming -- well --
6      MR. BERLINER: It's coming for trial -- evidentiary
7  hearing, it was a stay relief --
8      THE COURT: On the MERS question?
9      MR. BERLINER: Yes.
10     THE COURT: And that's the same mortgage that you're
11 attempting to rescind?
12     MR. BERLINER: Yes.
13     THE COURT: And that issue was not raised in that
14 adversary proceeding?
15     MR. BERLINER: Well, there hasn't been an adversary
16 proceeding, it was opposition to a motion for stay relief, and
17 I argued no standing, because the MERS assignment to One West
18 was invalid.
19     THE COURT: Okay. And when is that scheduled for
20 hearing?
21     MR. BERLINER: September discovery is to close the
22 end of this month, but we've agreed to move for an extension
23 of discovery to the end of June while we're trying to hammer
24 something out.
25     As the Court is well aware, these grow a life of

1   their own and the enormous expense of attorney fees is
2   uncontrollable.
3        THE COURT:  Should the debtor lose on the question of
4   the standing, my natural response would be to grant relief
5   from the automatic stay.  At that point, is the debtor going
6   to ask me not to grant relief from the automatic stay because
7   actually the mortgage is invalid?
8        MR. BERLINER:  We'll have the adversary proceeding
9   filed in about thirty days; if we lose on that MERS assignment
10  issue, I'll ask for an injunction under the adversary
11  proceeding to rescission, to say that's invalid.
12       THE COURT:  Certainly would save attorney's fees if
13  it was all resolved at once.
14       MR. BERLINER:  Yes, and I'm trying to save fees by
15  delaying filing the AP in the first instance, and I give
16  Attorney Jeana Reinbold a lot of credit, she initiated the
17  possibility of settlement; all my other experiences have been
18  running into a stone wall.
19       THE COURT:  Okay.  Tell me again when trial is set
20  for?
21       MR. BERLINER:  September, evidentiary hearing on the
22  motion for stay relief, One West.
23       THE COURT:  September what, do you remember?
24       MR. BERLINER:  I don't have it --
25       THE CLERK:  14 and September 16.

1          THE COURT: Okay. Tell me again -- I'm sorry that I
2  didn't retain this -- why did we continue the motion to
3  dismiss to June 23rd?
4          MS. PSILOS: Because the debtor is still in arrears
5  on the plan.
6          THE COURT: On the plan itself?
7          MS. PSILOS: The debtor's in arrears one monthly --
8  approximately one monthly payment.
9          THE COURT: Okay, all right. So that will remain
10 that way; the motion for relief in September 29 order is
11 granted.
12         MR. BERLINER: Thank you, Your Honor.
13         THE COURT: And the debtor is ordered to file an
14 amended plan by October 1st.
15         MR. BERLINER: I'm confused. The -- we won't have
16 rescission answered by then.
17         THE COURT: But we'll know something by then.
18         MR. BERLINER: We'll know something.
19         THE COURT: You may have it settled by then.
20         MR. BERLINER: I may have a settlement, indeed.
21         THE COURT: And then you wouldn't mind calendaring
22 yourself so that October 1 doesn't come and go without your
23 asking for an extension if it isn't settled.
24         MR. BERLINER: I humbly acknowledge that need, Your
25 Honor, thank you.

```
 1                THE COURT:  Okay.
 2                MS. PSILOS:  Thank you, Your Honor.
 3                THE COURT:  Thank you.
 4                MR. BERLINER:  I will amuse the Court perhaps, the
 5    other case the Court wasn't recalling where you ruled it to be
 6    an unsecured claim in rescission, that's the Giza case, where
 7    I'm involved with a trial on June 13th.
 8                THE COURT:  Okay then, thank you.
 9    (End at 12:02 p.m.)
10                         * * * * * * * * * * *
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1           I certify that the foregoing is a true and accurate

 2    transcript from the digitally sound recorded record of the

 3    proceedings.

 4

 5    [signature]

 6

 7    /s/ Devora Kessin                         May 31, 2011

 8    _____        _____

 9                                              DATE

      ESCRIBERS LLC
10    P.O. Box 7533
      New York, NY  10116
11    973-406-2250
      e-mail operations@escribers.net
12
```

                                I N D E X


                                RULINGS

                                               Page      Line

Debtor's motion for relief from                 12        10

September 29 order, granted