# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: 10-43081-hjb ) | Chapter 13 Proceeding |
| ) | |
| **Peter Murphy Ribaudo** ) | |
| Debtor ) | |
| ) | |
| Deutsche Bank National Trust | |
| Company as Indenture Trustee of the | |
| IndyMac Home Equity Mortgage Loan ) | |
| Asset-Backed Trust, Series 2006-H4 | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| **Peter Murphy Ribaudo** ) | |
| and Denise M. Pappalardo, Trustee ) | September 29, 2011 |
| Respondent ) | |

### OPPOSITION/RESPONSE OF CREDITOR, DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE OF THE INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H4, TO THE MOTION OF DEBTOR, PETER MURPHY RIBAUDO, FOR ORDER TO SHOW CAUSE

NOW COMES the Creditor, Deutsche Bank National Trust Company as Indenture Trustee of the IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H4 (hereinafter the "Creditor"), and hereby responds and objects to the Motion for Order to Show Cause (hereinafter the "Motion") filed by the Debtor, Peter Murphy Ribaudo (hereinafter the "Debtor").

The Creditor hereby responds to the Motion as follows:

1. The Creditor admits the allegations contained in Paragraph 1 of the Motion.

2. The Creditor admits the allegations contained in Paragraph 2 of the Motion to

the extent that an amended objection to the Creditor's Proof of Claim was filed. The Creditor lacks knowledge or information sufficient to respond to the second part of the allegation contained in Paragraph 2 of the Motion, as the Debtor fails to define the term "false document". Further, the Creditor states that the Exhibits speak for themselves.

  3. The Creditor is without information and knowledge sufficient to form a belief as to the trust of the allegations contained in Paragraph 3 of the Motion.

  4. Admitted.

  5. Denied as conclusory.

  6. Denied as conclusory.

  7. Denied.

  8. Admitted, as the allegation contained in Paragraph 8 of the Motion appears to quote the language contained in the proof of claim form correctly.

  9. The allegation contained in Paragraph 9 of the Motion appears to quote the Sarbanes Oxley Title VIII and does not necessitate a response from Creditor.

  10. The Creditor is without information and knowledge sufficient to form a belief as to the allegation contained in Paragraph 10 of the Motion to the extent that it (i) provides that an order to show cause is the appropriate remedy and (ii) provides the results of the *Arizemedi* case. The Creditor further notes that the Exhibit referenced in Paragraph 10 of the Motion speaks for itself.

  11. Denied, as the allegation contained in Paragraph 11 of the Motion would conclude that there was fraud on the Court.

The Creditor hereby objects to the Motion and in support thereof states the following:

*<u>The Creditor Did Not Commit Fraud on the Court</u>*

In the Motion the Debtor alleges that Creditor committed fraud on the Court because the copy of the note that was attached to the Proof of Claim contained an endorsement in blank that does not match the endorsement in blank contained on the original note. The Creditor denies any fraud upon the Court and states that the failure to attach a copy of the original note the Proof of Claim was an error.

### I. THE DEBTOR HAS FAILED TO ALLEGE THE REQUISITE FACTS TO SUPPORT A CAUSE OF ACTION FOR <u>FRAUD</u> AND AS A RESULT, THE COURT SHOULD DENY THE MOTION.

The essential elements of an action in fraud are: (1) that a false material representation of fact was made; (2) that the party making the representation had knowledge of the falsity of the representation; (3) that the representation was made with the intent to induce action by the other party; (4) that the other party did so act to his/her/their detriment; and (5) damage. *International Totalizing Systems, Inc. v. PepsiCo, Inc.*, 29 Mass.App.Ct. 424, 431 (1990) (citing *Danca v. Taunton Savings Bank*, 385 Mass. 1, 8 (1982). See also Restatement (Second) of Torts § 525 (1977). Furthermore, the party claiming the fraud, the Debtor, must allege specific facts that go to each and every element of fraud.

In the instant matter, Debtor has failed to allege the five requisite elements of fraud or any specific facts concerning those elements.

The Debtor has failed to prove that the Creditor had the intent to make a false *material* representation of fact, that the Debtor justifiably relied on said representation and that damage was caused to the Debtor due to his reliance on said representation. Italics for emphasis added. Therefore, as the requirements are absent, the allegation of fraud is legally insufficient, and, accordingly, this Court should deny the Motion.

**II.     THE DEBTOR HAS FAILED TO ALLEGE THE REQUISITE FACTS TO SUPPORT A CAUSE OF ACTION FOR <u>FRAUD ON THE COURT</u> AND AS A RESULT, THE COURT SHOULD DENY THE MOTION.**

"A fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Salim Aoude v. Mobil Oil Corporation*, 892 F.2d 1115, 1118 (1989). "[I]t is clear from the words by which courts have defined this cause of action – "fraud," "scheme," "unconscionable," "*sentiently* set in motion," and "calculated to interfere" – that *specific intent, intent to defraud, is a necessary element*." Italics for emphasis added. *In re Schlichtmann,* 375 B.R. 41, 94 (2007).

The Debtor bears the burden of proof by clear and convincing evidence. *Id.* The Debtor has failed to do so – the Debtor has failed to allege any of the requisite elements of fraud on the court.

The Debtor's only basis for fraud on the court is as follows – the copy of the note that was attached to the proof of claim contained an endorsement, in blank, from

IndyMac Bank, F.S.B. by Melody Spotts, Assistant Vice President and the copy of the original note that was provided to the Debtor, through his counsel, contained an endorsement, in blank, from IndyMac Bank, F.S.B. by Renea Crosby, Vice President. Essentially, the two copies contained an endorsement in blank. Regardless of whether the endorsement was signed by Melody Spotts or Renea Crosby, the result is the same – the Creditor is the holder of a note endorsed in blank. There was no intent, let alone any specific intent, by the Creditor to (i) interfere with the judicial system's ability to impartially adjudicate the matter, (ii) defraud the court, (iii) to improperly influence the court, or (iv) hampering with the Debtor's petition. See *Aoude v. Mobil Oil Corporation*, 892 F.2d 1115, 1118 (1989).

       Therefore, as the requirements to prove fraud on the court are absent, this Court should deny the Motion.

       WHEREFORE, the Creditor respectfully requests that this Court deny the Motion.

By /s/*Ana M. Fidalgo*
Ana M. Fidalgo
The Movant's Attorney
B.B.O. No. 672549
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 151
Farmington, CT 06032
Phone (860) 677-2868
Fax (860) 409-0626
Email: BKECF@bmpc-law.com